# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BAC HOME LOAN SERVICING, LP,   )
                        Plaintiff,   )   Case No. 2:13-cv-00722-JAD-PAL
vs.   )   **ORDER**
ADVANCED FUNDING STRATEGIES, INC.,   )
                        Defendant.   )

Before the court are a documents filed by Defendant Advanced Funding Strategies, Inc. through its president (Dkt. ##22, 23); Countermotion for Attorney's Fees and Costs by Defendant Advanced Funding Strategies, Inc. through its president (Dkt. #26); and Motion to Extend Time Re: Scheduling Order filed by Defendant Advanced Funding Strategies, Inc. (Dkt. #31) November 25, 2013.

## BACKGROUND

The first motion requests various forms of relief, some of which are directed to the district judge. The first two motions were filed under the signature of the president of the Defendant corporation, Advanced Funding Strategies, Inc. ("AFS"). As the court advised the Defendant in the written Order (Dkt. #20) granting Attorney David F. Sampson's motion to withdraw from the case, a corporation cannot appear except through counsel. *See Roland v. California Mens Colony,* 506 U.S. 194, 201-202 (1993). The court gave the corporate Defendant more than thirty days after entry of the order in which to retain counsel. Matthew W. Treu made an appearance on behalf of the Defendant on October 28, 2013.

Plaintiff filed a response to the Motion to Extend Time (Dkt. #32) which the court set for hearing January 7, 2014. After the matter was set for hearing, the parties submitted a stipulation and proposed order to extend certain discovery deadlines for the sole purpose of allowing continuation of

the depositions of Richard Fritzler and a Rule 30(b)(6) designee of Defendant AFS which the court approved in an Order (Dkt. #37) entered December 16, 2013.  The parties submitted a second Stipulation for Extension of Time (Dkt. #38) on December 23, 2013.  The stipulation and proposed order seeks a 100-day stay of the entire litigation followed by a 180-day extension of the discovery cutoff until September 25, 2014.

The discovery cutoff expired December 14, 2013, with the exception of the deposition of Mr. Fritzler and the corporation's Rule 30(b)(6) designee which the court extended until January 9, 2014.  The stay and extensions are requested for various reasons.  First,  Defendant's first responsive pleading was a motion to dismiss which was filed May 28, 2013.  The motion to dismiss raises the court's subject matter jurisdiction and has not yet been decided by the district judge.  As a result, AFS has not yet filed an answer or asserted any affirmative defenses or counterclaims.  Second, counsel for AFS was granted leave to withdraw on September 27, 2013, and new counsel did not appear until October 28, 2013.  Third, the court has Defendant's motion to extend time set for hearing January 7, 2014.  Fourth, during the initial portion of Mr. Fritzler's deposition which was taken December 12, 2013, counsel for BAC objected that AFS failed to provide a person with sufficient knowledge as required by Rule 30(b)(6), and  was inadequately prepared.  However, based on disclosures made during the first day of Mr. Fritzler's deposition, the parties learned of additional sources of discovery which both parties seek in this matter.  Finally, the parties "engaged in settlement efforts and determined that a Scheduling Conference would be beneficial to both parties."  The parties would like to avoid the additional costs and fees of ongoing litigation which would likely hinder efforts to have a successful settlement conference.  A footnote in the stipulation indicates that contact with this court's chambers indicated the most likely time frame for a settlement conference with the court would be in February or early-March 2014.

The parties suggest that the January 7, 2014 hearing may be vacated if the court grants the second stipulation requesting a stay and extension.

/ / /

/ / /

/ / /

# DISCUSSION

## I. Motion to Stay Standards.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Two published decisions in this district have held that ordinarily, a dispositive motion does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both of these decisions held that to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Citing the Ninth Circuit's decision in *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added). Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d. 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether

a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).

Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Id.*

It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Turner*, 175 F.R.D. at 556 (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. *Id.; Twin City*, 124 F.R.D. at 653. Rather, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990).

To summarize, the Ninth Circuit has held that a district court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court "is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d at 801. The Ninth Circuit has also held that under certain circumstances, it

is an abuse of discretion to deny discovery while a dispositive motion is pending.  Finally, the Ninth Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery.  The court's research has not found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending.

Federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed.  *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases).  First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought.  Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.  In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.  If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed.  *Id*.

Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion.  *See*, *e.g., GTE Wireless, Inc. v. Qualcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *Id*. (*citing Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original).

In still a third approach, a judge in the Central District of California has held the court should evaluate a request for a stay applying several factors on a case-by-case basis.  *See Skellercup*, 163 F.R.D. at 601.  In *Skellercup,* the court adopted the approach taken in the Eastern District of New York decision, *Hachette Distributing v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  These decisions recognize that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette*, 136 F.R.D. at 356.  In determining whether a stay of discovery pending the outcome of a dispositive motion is warranted, a

case-by-case analysis is required because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Id.* These decisions suggest that the court should consider the following, non-exhaustive list of factors: the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. *Id*.

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City* and *Turner* should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. A stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. However, as the court in *Mlenjnecky* recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C. 1937 (2009), has made speedy determinations of cases increasingly more difficult. Prohibiting or delaying all discovery will often cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims. The fact that a

non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery. With these principles in mind, the court will take a "preliminary peek" at Defendant's pending motion to dismiss.

AFS's Motion to Dismiss (Dkt. #8) is based on various grounds, including an assertion the court lacks subject matter jurisdiction. Additionally, Defendant argues the Plaintiff failed to join proper parties and has failed to state a claim upon which relief may be granted. Having conducted a preliminary review of the motion, the court is not convinced it will be granted. The motion makes a number of factual rather than legal arguments, and asks for the court to take notice of matters outside the pleadings. Jurisdiction is based on diversity and AFS does not dispute the existing parties are diverse or that the parties' disputes involve in excess of the court's $75,000 jurisdictional threshold.

The Motion for Magistrate Judge to Reconsider the Scheduling Order (Dkt. #22), and Motion for Order to Show Cause (Dkt. #23) are denied because they were improperly filed on behalf of a corporate defendant by a non lawyer, and a corporation may not appear in federal court except through counsel. Attorney David Sampson's Countermotion for Fees and Costs (Dkt. #26), which was filed after he was permitted to withdraw from this case , is also denied. Mr. Sampson was not required to respond to the motion requesting an order to show cause or AFS's motion to reconsider the court's order allowing him to withdraw. The order allowing him to withdraw had already indicated that the corporate Defendant could not appear except through counsel. Additionally because Mr. Sampson had been permitted to withdraw, unless the court ordered a response, none was required.

Having reviewed and considered these matters,

**IT IS ORDERED** that:

1. The Motion for Magistrate Judge to Reconsider (Dkt. #22), and Motion for Order to Show Cause (Dkt. #23) filed by AFS through its president are **DENIED** as a corporation may not appear except through counsel.

2. Attorney Sampson's Countermotion for Attorney's Fees and Costs (Dkt. #26) is **DENIED**.

///
///

3. The parties' Stipulation for Extension of Time (Dkt. #38) is **NOT APPROVED** and is **DENIED**, and the hearing scheduled for January 7, 2014, shall go forward as scheduled.

Dated this 26th day of December, 2013.

                                       _____
                                       Peggy A. Leen
                                       United States Magistrate Judge